**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| M.C., by and through his Parents, C.C. and K.C., and C.C. and K.C., individually,<br><br>                                Plaintiffs, | Civil Action |
| v. | 09-cv-2413 |
| Wallingford-Swarthmore School District, Rudolph Rubeis, in his individual capacity, Ronald VanLangeveld, in his individual capacity, and Jennifer Gaudioso, in her individual capacity,<br><br>                            Defendants. | Honorable Eduardo C. Robreno |

**ORDER**

       **AND NOW**, this      day of        , **2010**, upon consideration of the Joint Motion for Approval of Settlement Agreement and Dismissal (doc. no.  ), **IT IS ORDERED** that the Motion is **GRANTED** and the parties' Settlement Agreement is **APPROVED** in the form submitted to this Court.

       **IT IS FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE**.  The court shall retain jurisdiction for purposes of enforcement as provided in the Settlement Agreement.

                                               _____

                                               Eduardo C. Robreno

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| M.C., by and through his Parents, C.C. and K.C., and C.C. and K.C., individually,<br><br>Plaintiffs,<br><br>v.<br><br>Wallingford-Swarthmore School District,<br>Rudolph Rubeis, in his individual capacity,<br>Ronald VanLangeveld, in his individual capacity,<br>and Jennifer Gaudioso, in her individual capacity,<br><br>Defendants. | Civil Action<br><br><br><br>09-cv-2413<br><br><br><br><br><br>Honorable Eduardo C. Robreno |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**
**AND DISMISSAL OF ACTION PURSUANT TO LOCAL RULES 41.1(b) AND 41.2**

Plaintiffs M.C., C.C., and K.C. and Defendants Wallingford-Swarthmore School District, Ronald Rubies, Ronald VanLangeveld and Jennifer Gaudioso (the "Parties") hereby jointly move for approval of the attached Settlement Agreement and entry of an Order in the form attached hereto dismissing this action pursuant to Local Rules 41.1(b) and 41.2. In support of this Joint Motion, the Parties aver as follows:

1. On March 22, 2010, the Board of School Directors of the Wallingford-Swarthmore School District approved the Settlement Agreement attached hereto as Exhibit 1.

2. In accordance with the Agreement, the Parties are seeking Court approval of the Agreement and retention of jurisdiction, in accordance with the form of Order attached hereto.

WHEREFORE, the Parties respectfully request that this Court dismiss this action pursuant to Local Rules 41.1(b) and 41.2 by entering the Order attached to this Joint Motion.

Respectfully submitted,

REISMAN CAROLLA GRAN LLP

*/s/ Catherine Merino Reisman*
Catherine Merino Reisman
PA I.D. No. 57473
19 Chestnut Street
Haddonfield NJ  08033
856.354.0071
creisman@reismancarolla.com

FOX ROTSCHILD LLP

*/s/ Mark W. Fitzgerald*
Mark W. Fitzgerald
PA I.D. No. 93635
PO Box 301, 10 Sentry Parkway, Suite 200
Blue Bell, PA 19422-3001
610.397.7981
mfitzgerald@foxrothschild.com

Dated:  March 30, 2010

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

THIS CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT (hereinafter "*Agreement*") is entered by and between B̶ ⌐ C̶ ⌐ *and* C̶ ⌐ C̶ ⌐, adult individuals residing at ⌐ Lane, Wallingford, Pennsylvania, 19086, (hereinafter "*Parents*"), on behalf of themselves and their minor child, M̶ ⌐ C̶ ⌐ (hereinafter "*Student*") and the ***Wallingford-Swarthmore School District***, a Pennsylvania public school district, with administrative offices at 200 South Providence Road, Wallingford, PA 19086 (hereinafter "*District*").

WHEREAS, Parents and Student are presently residents of the District; and

WHEREAS, Student is presently 10 years of age, having a date of birth of January 16, 2000, and is eligible as a child with a disability and in need of special education; and

WHEREAS, Parents filed a request for due process hearing alleging the District failed to provide a free appropriate public education for the Student. Parents sought compensatory education, reimbursement for expenses incurred, and payment of attorney's fees; and

WHEREAS, between April 17, 2009 and November 11, 2009, eight (8) special education due process hearing sessions were held before Hearing Officer Anne L. Carroll, Esquire; and

WHEREAS, on December 10, 2009, Hearing Officer issued her decision in favor of Parents ordering the District to provide Parents with a compensatory education fund and reimbursing parents for expenses incurred; and

WHEREAS, on May 28, 2009, Parents filed a Complaint against District and individual District personnel in the United States District Court for the Eastern District of Pennsylvania, docketed at Civil Action No. 09-2413; and

LN1 1061317v4 03/05/10

**WHEREAS**, in July 2009, the District instituted summary appeal proceedings regarding Student's truancy, docketed in the Delaware County Court of Common Pleas, Summary Appeal Nos. 605 of 2009 and 606 of 2009; and

**WHEREAS**, the District believes it has met its obligation under State and Federal law to provide the Student with a Free Appropriate Public Education under the Individuals with Disabilities Education Act ("IDEA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504); and

**WHEREAS**, in an effort to resolve the any and all claims resulting from the Parents' due process hearing request and the District Court action, the parties have agreed to resolve the dispute concerning Student's educational program based on the terms listed below.

On this 17th day of March, 2010, upon consideration of the mutual promises contained herein and intending to be legally bound hereby, Parents and District agree as follows.

1. Consistent with Hearing Officer Carroll's September 8, 2009 Interim Order and December 10, 2009 Order, the District agrees to establish a compensatory education fund, representing reimbursement for full days of school from the beginning of the 7th week of the 2008-2009 school year through March 9, 2009, in the amount of TWENTY-FIVE THOUSAND FOUR HUNDRED THIRTY-FIVE Dollars AND TWENTY-FOUR CENTS ($25,435.24) to be used for any appropriate developmental, remedial or enriching educational service, product or device that will assist Student in overcoming the effects of his disability. In addition, upon receipt of substantiating documentation of Parents' payment of any remaining unreimbursed Lindamood-Bell Center costs, said reimbursement shall be paid out of the fund within thirty (3) days of receiving proof of same. The amount of the fund has been determined by the averaged

2

daily compensation of Student's special education and regular education teachers during the 2008-2009 school year, including salary and fringe benefits.

2. District shall reimburse Parents the amount of NINETEEN THOUSAND SIX HUNDRED DOLLARS AND ZERO CENTS ($19,600.00), representing the cost of reading instruction (120 hours plus 80 hours of ESY at the rate of $98.00 per hour) provided to Student at the Lindamood Bell Center in Bryn Mawr, Pennsylvania.

3. The District will pay the costs of tuition for Student's attendance at Orchard Friends School for the 2009-2010 school year. In the event the Parents challenge the proposed program and placement for the Student for the 2010-2011 school year, the parties acknowledge that as a result of the Hearing Officer's decision, Orchard Friends School is Student's "current educational placement" for purposes of pendency.

4. The District agrees to transport the Student to and from Orchard Friends School for as long as Orchard Friends School remains the pendent placement for the Student. .

5. The District and Parents agree that a Joint Stipulation seeking dismissal of truancy charges and expungement of all convictions of Parents and Student will be filed with the appropriate Court. District and Parents authorize their respective counsel to effectuate the Joint Stipulation and expungement of students records on their behalf.

6. The District, through its insurance carrier and subject to insurance carrier approval, agrees to pay Parents' reasonable attorneys' fees in the amount of SEVENTY THOUSAND DOLLARS AND ZERO CENTS ($70,000.00). Payment shall be issued by check payable to "Reisman, Carolla, Gran, LLP", 19 Chestnut Street, Haddonfield, New Jersey, 08033. Payment shall be made within sixty (60) calendar days of the final party approval.

7. The parties agree that this Settlement Agreement will be submitted to Judge

Robreno for approval. Judge Robreno shall retain jurisdiction for purposes of enforcing this Agreement. If a party brings an action to enforce the Agreement and prevails, that party shall be entitled to reimbursement for attorney's fees. A true and correct copy of the Form of Order is attached hereto, made a part hereof and marked Exhibit "A".

        8. From the beginning of the world through the end of the 2009-2010 school year, Parents, on behalf of themselves and their minor child, Student, their heirs and assigns, do hereby release, hold harmless and discharge District, its directors, employees and agents, their successors and assigns from any claims, damages of all kinds (including without limitation, compensatory, consequential, punitive and exemplary damages), fees (including claims for attorney's fees), costs, expenses, liabilities (including liability for compensatory education and/or tuition reimbursement), judgments, decrees, awards, obligations, contracts, torts, demands, causes of action or suits, at law or in equity, of whatever character, known or unknown, fixed or contingent, whether asserted or unasserted, that Parents, in their individual capacities and/or on behalf of the minor child, Student, ever had, now have, or hereafter can, shall or may have, arising out of or related in any way to the District's obligation to provide educational programming, services and evaluation to Student and/or any other claims arising from or related to, and including but not limited to, the Individuals with Disabilities Education Act, as amended, 20 U.S.C. §1401 et seq. and its implementing regulations, 34 C.F.R. Part 300; Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §794 and it implementing regulations, 34 C.F.R. Part 104; the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 et seq. and its implementing regulations; the Civil Rights Act of 1871, as amended, 42 U.S.C. §§1983, 1985; the Civil Rights Attorney's Fee Award Act of 1976, as amended, 42 U.S.C. §1988; the United States Constitution; the Pennsylvania Constitution; the Pennsylvania Public

4

School Code of 1949, as amended, 24 P.S. §1-101 et seq.; the Pennsylvania Human Relations Act, as amended, 43 P.S. §951 et seq.; Chapter 14 of the Regulations of the Pennsylvania State Board of Education, relating to special education services and programs, 22 Pa. Code Chapter 14; and Chapter 15 of the Regulations of the Pennsylvania State Board of Education, 22 Pa. Code Chapter 15. The parties agree and understand that this release does not waive any rights under 20 U.S.C. § 1415(j) regarding maintenance of the current educational placement.

9.   The District will propose an ESY program for Student during the Summer of 2010.

10. This Agreement settles disputed issues of fact and law.  Parents agree and acknowledge that this Agreement is not and shall not be construed to be an admission of a violation of any federal, state or local statute or regulation or any legal duty owed by District, its directors, employees and agents, to Student, or otherwise as an acknowledgment of fault or liability on the part of any party, including District, its directors, employees and agents. Moreover, nothing in this Agreement shall be deemed to establish a policy, practice or custom of the District concerning the provision of special education, compensatory education, related services, tuition reimbursement or other matters covered by this Agreement.

11. Parents agree that the terms and conditions of this Agreement shall remain confidential.  The parties may state that the dispute was amicably resolved; however,  neither Parents nor District shall reveal the terms and conditions of this Agreement to any third party, without prior written consent of the non-disclosing party, or in the absence thereof, an appropriate order of court or administrative hearing officer.  Notwithstanding the foregoing, District may provide a copy of this Agreement to federal, state and/or local auditors and/or other agents and employees of the United States or Pennsylvania Departments of Education and/or any

5

LNI 1061317v4 03/05/10

insurance company, including its brokers, agents and representatives, which provides insurance coverage to District, if requested by said party or parties. Parents may discuss the terms and conditions of this Agreement with counsel and financial advisors. Parents and District may disclose the terms and conditions of this Agreement to effectuate the terms of the agreements herein. Further, this Agreement shall be admissible in any court action or administrative proceeding to enforce this Agreement or otherwise related to the terms and conditions of this Agreement. The right to maintain such an action, if necessary, is expressly reserved by the parties.

12. Parents warrant (a) that they have received written notification of their rights under state and Federal laws as Parents of a child with disabilities, (b) that they are fully aware of these rights and of the extent to which they are waiving them in this Agreement, (c) that they are fully aware that they are waiving rights on behalf of the Student, (d) that they have consulted with counsel concerning his rights and this Agreement or has had the opportunity to do so for at least a period of 14 days, and (e) that they are signing this Agreement, including a waiver of important rights, voluntarily.

13. Both parties have read and negotiated the language used in this Agreement, and the parties agree that because all parties participated in negotiating and drafting this Agreement, no rule of construction shall apply to this Agreement that construes ambiguous language in favor of or against any party by reason of that party's role in drafting this Agreement.

14. In the event the parties do not sign this Agreement contemporaneously, the date of execution of this Agreement shall be deemed to be the date on which the last party signed this Agreement.

IN WITNESS WHEREOF, the parties have set their hands and seals.

6

LN1 1061317v4 03/05/10

**CAUTION: READ THIS ENTIRE AGREEMENT, WHICH CONSISTS OF FOURTEEN (14) PARAGRAPHS, BEFORE SIGNING YOUR NAME BELOW**

Witness

Date 3-17-10

Witness

Date 3-17-10.

Witness

Date: 3-17-10

_individually and as Parent and natural guardian of_

_individually and as Parent and natural guardian of_

**WALLINGFORD-SWARTHMORE SCHOOL DISTRICT**

By:

7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| M.C., by and through his Parents, C.C. and K.C., and C.C. and K.C., individually,<br>Plaintiffs, | Civil Action |
| v. | 09-cv-2413 |
| Wallingford-Swarthmore School District, Rudolph Rubeis, in his individual capacity, Ronald VanLangeveld, in his individual capacity, and Jennifer Gaudioso, in her individual capacity,<br>Defendants. | Honorable Eduardo C. Robreno |

## ORDER

**AND NOW**, this        day of        , **2010**, upon consideration of the Joint Motion for Approval of Settlement Agreement and Dismissal (doc. no.  ), **IT IS ORDERED** that the Motion is **GRANTED** and the parties' Settlement Agreement is **APPROVED** in the form submitted to this Court.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE**. The court shall retain jurisdiction for purposes of enforcement as provided in the Settlement Agreement.

_____
Eduardo C. Robreno

**EXHIBIT "A"**

8

LN1 1061317v4 03/05/10

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

M.C., by and through his Parents, C.C. and K.C.,
and C.C. and K.C., individually,

                                        Plaintiffs,

                    v.                                      09-cv-2413

Wallingford-Swarthmore School District,
Rudolph Rubeis, in his individual capacity,
Ronald VanLangeveld, in his individual capacity,
and Jennifer Gaudioso, in her individual              Honorable Eduardo C. Robreno
capacity,

                                        Defendants.

**CERTIFICATE OF SERVICE
OF JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND DISMISAL OF ACTION**

        I, Catherine Merino Reisman, hereby certify that on this date, on behalf of Plaintiffs

and Defendants, I filed the Joint Motion for Approval of Settlement Agreement and

Dismissal of Action and provided e-mail notification of the filing to the following individual.

The First Amended Complaint was filed electronically and is available for viewing and

downloading from the ECF system.

                        Mark W. Fitzgerald, Esquire
                        Fox Rothschild LLP
                        Ten Sentry Parkway, Suite 200
                        PO Box 3001
                        Blue Bell PA  19422-3001
                        610.397.6500
                        kromberger@foxrothschild.com


                        /s/ Catherine Merino Reisman
Dated: March 30, 2010    Catherine Merino Reisman
                        19 Chestnut Street
                        Haddonfield NJ  08033-1810
                        t 856.354.0071
                        f 856.873.5640
                        creisman@reismancarolla.com